**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BRUCE WAYNE TEREICK, | ) | Case No. 17-13579-BFK |
| | ) | Chapter 13 |
| _____ | ) | |
| | ) | Case No. 23-10579-BFK |
| In re: | ) | Chapter 13 |
| | ) | |
| BRUCE WAYNE TEREICK, | ) | |
| | ) | |
| Debtor. | ) | |

**MEMORANDUM OPINION AND**
**ORDER: (A) DECLINING TO VACATE THE DEBTOR'S**
**DISCHARGE IN CASE NO. 17-13579-BFK; AND (B) DISMISSING**
**CASE NO. 23-10579-BFK WITH PREJUDICE**

This matter comes before the Court on the Court's Order to Show Cause in Case No. 17-13579-BFK as to: (a) Whether the Case Should be Reopened; and (b) Whether the Debtor's Discharge Should be Revoked. Docket No. 57. The matter also comes before the Court on the Chapter 13 Trustee's Motion to Dismiss in Case No. 23-10579-BFK. Docket No. 17. The Court conducted an evidentiary hearing on July 6, 2023. Case No. 23-10579, Docket No. 26. After the hearing the Court entered an Order reopening the case. Case No. 17-13579, Docket No. 60. The Court also invited the Debtor and the Trustee to file post-hearing briefs on whether the Debtor's discharge should be vacated in Case No. 17-13579-BFK, either on the *In re Evans* ground (described below) or on the ground of fraud on the Court. *Id.* The Trustee filed a post-hearing brief, as did the Debtor. *Id*. at Docket Nos. 64, 65.

The Court will decline to vacate the Debtor's discharge in Case No 17-13579-BFK. The Court will dismiss Case No. 23-10579-BFK with prejudice for a period of 180 days from the entry of this order.

1

### Findings of Fact

The Court, having heard the evidence, makes the following findings of fact.

*A. Case No. 17-13579-BFK.*

1.      The Debtor, Bruce Wayne Tereick, filed a Voluntary Petition under Chapter 13 with this Court on October 22, 2017. Docket No. 1.

2.      In his Means Test (Form 122C-1), he listed his household size as "one." *Id*. at 45, Line 16b.

3.      In his Schedules, the Debtor did not list any income for a spouse. *Id*. at Schedule I, Line 2 ("N/A").

4.      The Debtor filed a Chapter 13 Plan based on his income alone, which called for him to pay $1,470.00 per month for 60 months. Docket No. 2 at ¶ 1. This would have paid the unsecured creditors approximately 3% of their allowed claims. *Id*. at ¶ 4A.

5.      The Plan required the Debtor to continue to make his monthly mortgage payments in the amount of $1,930.00 per month directly to the secured creditor, LoanDepot.com, LLC (hereinafter "LoanDepot"). *Id*. at ¶ 5A. At that time, in October 2017, the Debtor estimated the arrearages due on his mortgage to be approximately $17,500.00. *Id*.

6.      The Court confirmed the Debtor's Plan on January 10, 2018. Docket No. 12.

7.      On August 22, 2018, the Debtor filed Amended Schedules in which he listed his wife's income as $2,200.00 per month. Docket No. 19 at Schedule I, Line 2.

8.      The Trustee filed a Motion to Modify the Debtor's Plan pursuant to Bankruptcy Code Section 1329. Docket No. 21.

9.      The Debtor filed a Response arguing that his spouse worked for the Prince William County School System for 9 months a year, so that her annualized income was only $1,730 per month. Docket No. 24. He further argued that, after deductions for social security income (which is generally exempt in Chapter 13), and his wife's separate debts, the Trustee's Motion did not satisfy the "substantial and unanticipated" test of *In re Murphy*, 474 F.3d 143, 150 (4th Cir. 2007). *Id*.

10.     The Trustee withdrew his Motion to Modify the Debtor's plan payments. Docket No. 25.

11.     On June 21, 2022, LoanDepot filed a Motion for Relief from the Automatic Stay, alleging that the Debtor was behind in his post-petition monthly mortgage payments, totaling over $76,000.00. Docket No. 34.

12.     The Trustee filed a Notice of Completion of Plan Payments. Docket No. 50.

13.     The Trustee also filed a Notice of Final Cure Payment pursuant to Bankruptcy Rule 3002.1, stating: (a) the Trustee had paid the arrearage provided for in the Debtor's confirmed Plan in the amount of $17,808.46 in full; and (b) the Debtor was responsible for making all of the post-petition mortgage payments. Docket No. 43.

14.     The Court granted LoanDepot's Motion on November 17, 2022. Docket No. 48.

15.     The Debtor filed a Certification under Bankruptcy Code Section 1328(f). Docket No. 52.

16.     The Court granted the Debtor a discharge, and closed the case on January 11, 2023. Docket Nos. 53, 56.

*B.  Case No. 23-10579-BFK.*

17.     The Debtor filed a second Voluntary Petition under Chapter 13 on April 10, 2023. Case No. 23-10579-BFK, Docket No. 1.

18.     The Debtor proposed a Chapter 13 Plan under which he would pay $1,880.00 for 60 months, for an estimated distribution to the allowed unsecured claims of 0%. Docket No. 12 at ¶¶ 2, 5A.

19.     He estimated his mortgage arrears with LoanDepot to be in the amount of $99,000.00 – five and a half times more than the amount of the arrearages when he started his 2017 case. *Id*. at ¶ 6A.

20.     The Trustee filed an Objection to Confirmation of the Debtor's Plan on the grounds that: (a) the Debtor filed this case in bad faith, given the Debtor's failure to pay the mortgage in the prior case; and (b) his net monthly income of $1,520.00 was insufficient to pay his proposed Plan payment of $1,880.00. Docket No. 15.

21.     The Trustee also filed a Motion to Dismiss on the same grounds. Docket No. 17.

22.     LoanDepot also filed an Objection to Confirmation of the Debtor's Chapter 13 Plan, on feasibility grounds. Docket No. 15.

23.     The Court sustained the two Objections to Confirmation of the Debtor's Plan with leave to amend. Docket No. 25.

24.     On July 14, 2023, the Debtor filed a Response to the Trustee's Motion to Dismiss, in which he stated that he objected to dismissal of his case. Docket. 28. The Debtor filed an Amended Response on July 27, 2023,  this time stating that he does not oppose a dismissal of his case. Docket No. 31.

*C.  The Order to Show Cause and the Evidentiary Hearing.*

25.     The Court issued an Order to Show Cause in the first case as to: (a) Whether the Case Should Not be Reopened; and (b) Whether the Debtor's Discharge Should be Revoked in Case No. 17-13579-BFK. Docket No. 57.

26.     The Court held an evidentiary hearing on the Order to Show Cause on July 6, 2023. the Debtor appeared with counsel and testified. Docket No. 59.

27.     The Debtor acknowledged that he had not paid his mortgage for approximately 48 months in the first case. Docket No. 62 at 14:09. He testified that there were two reasons he failed to pay the mortgage. *Id*. at 13:01. First, he stated that his wife lived with him for the first twelve months of the case (as well as for the entire six months preceding the case), but they separated, and she no longer contributed to any of the household expenses. *Id.* at 19:18. Second, he testified that he had a "spending addiction," in that he was spending inordinate sums online and at Home Depot on tools, and materials for the renovations of his son's home in Georgia. *Id*. at 32:12.[1]

28.     The Debtor testified that he did not include his wife's income in the 2017 case because she was not liable on the mortgage, and he saw no reason that she should be involved in the case. *Id*. at 16:16.

29.     The Trustee confronted the Debtor with his Means Test from his prior case, which indicated a household of "one," and his original Schedule I, which listed "N/A" for any income from his wife. *Id*. at 29:10. At that point, the Debtor changed his testimony and stated "if I said that, it must be true;" that is, if he represented that she was not living with him, then it had to be true. *Id*. at 29:24. The Court found this latter testimony to be unconvincing. The Debtor clearly testified (twice) that the reason he did not include his wife's income was because she was not

---

[1] The Debtor's testimony that his wife lived with him for the first twelve months of the case was inconsistent with his own pleadings in the case. First, his original Schedules I and J listed no income for his wife. Second, his Amended Schedules I and J were filed in August 2018, ten months into the case.

obligated on the mortgage. *Id*. at 16:16. The Debtor further testified that the reason he was unable

to pay the mortgage, at least in part, was because his wife moved out and he no longer had her

income available to him. *Id*. at 31:12. The Debtor changed his story, inconsistently and confusedly,

only after he was confronted with the prior statements in his Means Test and his Schedule I.

30.    After hearing the evidence, the Court found that there was cause to reopen the

previous case under Bankruptcy Code Section 350(b). Docket No. 60. The Court further invited

briefing from the parties on whether there was cause to revoke the Debtor's discharge either on the

*In re Evans* ground, or for fraud. *Id.*

31.    The Trustee's Response stated that he: (a) took no position on whether the Debtor's

discharge should be revoked; and (b) he would defer to the Court on the *In re Evans* issue. Docket

No. 64.

32.    The Debtor's Response argued that: (a) the payments on his mortgage were no

longer considered to be payments under the Plan because LoanDepot had been granted relief from

the automatic stay; and (b) he disclosed his wife's income in his Amended Schedules I and J.

Docket No. 65.[2]

### Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of

Reference entered by the U.S. District Court for this District on August 15, 1984. These are core

proceedings under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

### I.    The *In re Evans* Issue.

---

[2] Both the Trustee and the Debtor cited Section 1330(a), which requires that a request to revoke an Order of Confirmation be filed within 180 days after the entry of the Order confirming the plan. This matter, however, is governed by Section 1328(e), which requires that a request to revoke a discharge be filed within one year of the discharge.

Judge St. John, of this Court, has held that where a debtor does not pay his or her post-petition mortgage payments, he or she has not completed all of the payments under the Plan and is not entitled to a discharge. *In re Evans*, 543 B.R. 213 (Bankr. E.D. Va. 2016), *aff'd* 564 B.R. 513 (E.D. Va. 2017). The undersigned agrees with the reasoning of the *In re Evans* opinion.

The only ground for revocation of a discharge under Section 1328(e), however, is fraud (and the same is true for revocation of an order of confirmation under Section 1330(a)). 11 U.S.C. § 1328(e); *Branchburg Plaza Assocs., L.P. v. Fesq (In re Fesq)*, 153 F.3d 113, 120 (3d Cir. 1998) ("We adhere to all the relevant considerations—plain meaning, logic, case law and the policies underlying the Code—to hold that fraud is the only ground for relief available for revocation of a Chapter 13 confirmation order.") A number of courts have held that, in addition to fraud, Bankruptcy Rule 9024 (incorporating Federal Rule of Civil Procedure 60(b)) may be operative in a revocation of discharge case. *See Disch v. Rasmussen*, 417 F.3d 769, 778–79 (7th Cir. 2005) (Section 7227(d) case); *see also Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462, 1466 (9th Cir. 1993); *see also In re Bethe*, 2017 WL 3994813 (Bankr. E.D. Wis. 2017).[3] Bankruptcy Rule 9024 includes "mistake, in advertence, surprise or excusable neglect" (Rule 60(b)(1)), as well as "misrepresentation or misconduct by an opposing party" (Rule 60(b)(3)).

Judge St. John agreed with *Fesq* in *In re Stemple*. 361 B.R. 778 (Bankr. E.D. Va. 2007). He held: "Congress intended Section 1330 to serve not only as a time limitation regarding actions to revoke confirmation, but as a substantive limitation as well. As a result, the Court finds that the analysis in the instant matter with regard to allegations of fraud in the confirmation process are properly performed under the guise of Section 1330 of the Bankruptcy Code and not under Rule 9024 of the Federal Rules of Bankruptcy Procedure." *Id*. at 810. The Court agrees with the Third

---

[3] In *Bethe*, the court declined to vacate the debtor's discharge because the debtor had entered into a loan modification with the lender. That is not the case here.

Circuit's opinion in *Fesq* and Judge St. John's opinion in *Stemple*. The Rules Enabling Act provides

that the Bankruptcy Rules "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C.

§ 2075. Rule 9024, therefore, cannot be construed to expand the one ground for revocation of a

discharge under Section 1328(e). As the *Fesq* court put it, the argument that Rule 9024

supplements the grounds for revocation of a discharge is "logically and structurally flawed and

unsupported by either case law or public policy." 153 F.3d., at 120.

The standard for vacating a discharge on the ground of fraud is by a preponderance of the

evidence. *In re Maxwell*, 597 B.R. 418 (Bankr. N.D. Ill. 2019);  *In re Coughlin*, 568 B.R. 461, 476

(Bankr. E.D.N.Y. 2017); *Beskin v. Knupp (In re Knupp)*, 461 B.R. 351, 354 (Bankr. W.D. Va. 2011).

It does not appear that the Debtor committed a fraud relative to his failure to make his mortgage

payments in the prior case. The Certification filed by debtors under Section 1328(f) at the time did

not include a representation to the Court that the debtor made all of his or her secured debt

payments.[4] The Trustee could only certify that the Debtor completed his or her Plan payments, as

mortgage payments are not paid through the Trustee in this District. There is, therefore, no fraud-

based ground for revoking the Debtor's discharge in this case under Section 1328(e) for the

Debtor's failure to make his post-petition mortgage payments.[5]

The Trustee argues that the Debtor may have committed a fraud in failing to disclose his

household income. Docket No. 64 at fn. 1. The Debtor did obtain confirmation of his Plan in the

---

[4] This Court  recently has adopted Local Rule 3002.1-1, effective August 1, 2023, which will require Debtors to certify whether or not they have made their post-petition mortgage payments. This Local Rule is not applicable in this case.
[5] The Debtor also argues that, because LoanDepot was granted relief from the automatic stay, his failure to make the mortgage payments should not prevent a discharge under *In re Evans*, relying on Paragraph 9 of the Court's current form Plan. *Chapter 13 Plan and Related Motions*, United States Bankruptcy Court: Eastern District of Virginia (June 2023), https://www.vaeb.uscourts.gov/sites/vaeb/files/ch13pln.pdf ("If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan."). This provision was not in the Debtor's Plan when it was confirmed in January 2018. Docket Nos. 2, 12. The Court will decline to reach this issue considering its disposition of the *In re Evans* issue, above.

previous case based on his income alone. However, he later disclosed his wife's income in his

Amended Schedules. Docket No. 19. The Trustee moved to increase the Debtor's Plan payments,

but withdrew the Motion after the Debtor filed a Response arguing that an increase was

unwarranted. Docket Nos. 21, 25. Although the Debtor's testimony at the hearing on July 6, 2023,

was inconsistent with the timing of his Amended Schedules I and J (and, as noted, was internally

contradictory), the Court cannot find, under the circumstances, that the Debtor committed a fraud

in this case.

The Court finds, therefore, that it does not have a basis on which to vacate the Debtor's

discharge.

## II.     The Court Will Dismiss Case No. 23-10579-BFK With Prejudice.

The Court turns to the Trustee's Motion to Dismiss on bad faith grounds in Case No. 23-

10579-BFK. The Debtor consents to a dismissal. Docket No. 31. The issue is whether the Court

should dismiss the case with prejudice. *See* 11 U.S.C. § 349(a) ("unless the court, for cause, orders

otherwise," a dismissal does not prejudice the debtor with respect to subsequent filings, except as

provided in Section 109(g)).

Every bankruptcy case carries with it an obligation of good faith. *Marrama v. Citizens Bank

of Massachusetts*, 549 U.S. 365, 375 (2007) ("[T]he broad authority granted to bankruptcy judges

to take any action that is necessary or appropriate 'to prevent an abuse of process' described in §

105(a) of the Code, is surely adequate to authorize an immediate denial of a motion to convert

filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent

relief and may provide a debtor with an opportunity to take action prejudicial to creditors.")

(internal footnotes omitted). In order to obtain confirmation of his Plan the Debtor must

demonstrate that the plan has been proposed in good faith and that he filed his bankruptcy petition in good faith. 11 U.S.C. §§ 1325(a)(3), (7).

Evaluating the Debtors' good faith requires a case-by-case review of the totality of the circumstances. *Neufeld v. Freeman*, 794 F.2d 149, 152 (4th Cir. 1986) (quoting *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982)). The factors to be considered include (but are not limited to):

> [T]he percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor.
>
> *Id*.

The inquiry is to determine whether there has been "an abuse of the provisions, purpose or spirit" of Chapter 13. *Id*.

The Court finds that, in this case, there is cause to dismiss this case with prejudice. The Debtor had the benefit of the automatic stay for five years in his previous case. He did not pay the mortgage on his property for four of those years, despite his representation to the Court in his confirmed Plan that he would do so. He has been in this case for four months and now consents to a dismissal after the Trustee objected to the feasibility of his Plan and moved to dismiss the case. The Debtor testified inconsistently concerning his wife's presence in the home. At the end of his testimony, the Debtor alluded to the fact that he is seeking a loan modification, and absent success in achieving a loan modification, he may have to sell the property. In the Court's view, he has had a sufficient amount of time between these two cases to do just that. The Court will not dismiss this case without prejudice only to invite the Debtor to file a third case lacking a feasible prospect for financial rehabilitation.

The Court, therefore, will dismiss this case with prejudice for a period of 180 days.

## Conclusion

It is therefore **ORDERED**:

A.   The Debtor's discharge in Case No. 17-13579-BFK is not vacated. The Clerk will close

Case No. 17-13579-BFK.

B.   Case No. 23-10579-BFK is dismissed with prejudice for a period of one hundred and

eighty (180) days from the entry of this Order.

C.   The Clerk will mail copies of this Memorandum Opinion and Order, or will provide

cm-ecf notice of its entry, to the parties below.

Date: Aug 9 2023

Alexandria, Virginia

/s/ Brian F Kenney

The Honorable Brian F. Kenney
United States Bankruptcy Judge

Entered On Docket: August 9, 2023

Copies to:

Bruce Wayne TerEick
13468 Princedale Dr
Woodbridge, VA 22193
*Debtor*

Roger C Hurwitz, Esq.
PO Box 7849
Fredericksburg, VA 22404-7849
*Counsel for Debtor*

Marcelo R. Michel, Esq.
Office of the Chapter 13 Trustee
300 N. Washington St., Ste. 400
Alexandria, VA 22314
*Counsel for Trustee*

Thomas P. Gorman, Esq.
300 N. Washington St. Ste. 400
Alexandria, VA 22314
*Chapter 13 Trustee*